THE STATE OF UTAH, Respondent, v. E. E. CAMP-
BELL, Appellant.

24  103
24  403

No. 1318.   (66 Pac. 771.)

**Murder in First Degree: Indictment: Allegations: Sufficiency: Jury.**

Revised Statutes, section 4161, declares that every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious and premeditated killing, or perpetrated from a premeditated design, unlawfully and maliciously, to effect the death of any human being other than him who is killed, is murder in the first. degree, and that any homicide such as would constitute murder at common law is murder in the second degree. An information charged a killing by shooting to have been done unlawfully, willfully, intentionally, feloniously and with malice aforethought on the part of accused. *Held*, that the information was sufficient to sustain a verdict and sentence of murder in the first degree, and hence, the crime being a capital one and accused being

tried in a court of general jurisdiction, he was entitled to a jury of twelve, under Constitution, article 1, section 10, providing that in courts of general jurisdiction, save in capital cases, a jury shall consist of eight jurors.

(Decided December 4, 1901.)

Appeal from the Seventh District Court, Grand County.—
*Hon. Jacob Johnson,* Judge.

The defendant was prosecuted for murder in the first degree and was convicted of voluntary manslaughter, by a jury of eight. From the judgment entered on conviction, the defendant appealed.

REVERSED.

*M. M. Warner, Esq.,* and *J. W. N. Whitecotton, Esq.,* for appellant.

If the information charges murder in the first degree, the punishment might be death, and the defendant was entitled to be tried by a jury of twelve persons, and compelling him to be tried by eight jurors only, and on their verdict of guilty, imprisoning him, is depriving him of his liberty without due process of law, in violation of section 7 of article 1 of the Constitution of the State of Utah, and section 1 of article 14 of the amendments to the Constitution of the United States.

The law does not require that the words "deliberation" and "premeditation" shall be used in the indictment; it is sufficient if equivalent language is used.

The same doctrine was reiterated by this court in the case of the People v. Davis, 8 Utah 412. In that case the court, at page 416, speaking by Mr. Justice BARTCH, said: "If a person forms a specific intent to unlawfully kill another, such killing

is deliberate, premeditated and malicious, and is murder in the
first degree."

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R.
White,* Deputy Attorney-General, for the State.

Respondent contends that the information charges mur-
der in the second degree, and no error was committed by the
court in compelling the defendant to go to trial before a jury of
eight persons; furthermore, that the court treated this infor-
mation as one charging murder in the second degree, and spe-
cially instructed the jury that the defendant could not be con-
victed of a higher degree of crime.    Therefore, as the defend-
ant was convicted of voluntary manslaughter, and not of mur-
der in the first degree the error, if any, was not prejudicial to
the defendant.    In support of his contention, appellant relies
on the case of Brannigan v. The People, 3. Utah 488.

BASKIN, J.—The information against the defendant is
as follows:    "That on the twenty-ninth day of March, A. D.
1901, at Grand county, Utah, he, the said E. E. Campbell, did
willfully, unlawfully, intentionally, and of his malice afore-
thought make an assault upon one John Selman with a certain
gun, which then and there was loaded with gunpowder and one
metal bullet, and by him, the said E. E. Campbell, held in both
his hands, he, the said E. E. Campbell, did then and there will-
fully, unlawfully, intentionally, and of his malice aforethought
the said gun shoot off and discharge at and upon the said John
Selman, thereby and by thus striking the said John Selman
with said metal bullet inflicting on and in the back, above the
left hip, and through the body of the said John Selman, a mor-
tal wound, of which said wound the said John Selman after-
wards, on the thirtieth day of March, 1901, died.    And so the
said E. E. Campbell, in the manner and form aforesaid, unlaw-
fully, willfully, intentionally, feloniously, and of his malice

aforethought did kill and murder the said John Selman; contrary to the statute in such case made and provided, and against the peace and dignity of the State of Utah." The defendant entered a plea of not guilty, and thereupon a jury of eight, instead of twelve, was impaneled to try the case, and the defendant was found guilty of voluntary manslaughter. The defendant, when the jury was being impaneled, demanded that a panel of twelve be called into the jury box to serve as jurors, and then and there objected to being tried by any less number of jurors than twelve. The objection of the defendant was overruled by the court, and the defendant excepted.

The assignment of error based upon this exception is as follows: "The court erred in compelling the defendant to be tried on said information by a pretended jury consisting of only eight persons, for the reason that the information in this case charges the defendant with the crime of murder in the first degree, and on such a charge, by the Constitution and laws of the State, he was entitled to a trial by a jury of twelve persons." Article 1, section 10, of the Constitution, provides that: "In capital cases the right of trial by jury shall remain inviolate. In courts of general jurisdiction, except in capital cases, a jury shall consist of eight jurors." The court in which the defendant was tried was one of general jurisdiction. If the information charged the defendant with the crime of murder in the first degree then the case was a capital one, and the defendant, under the provisions of the Constitution, was entitled to a trial by a jury consisting of twelve jurors.

The allegations requisite to charge murder in the first degree, under section 4161 of the Revised Statutes of this State, were announced by the Supreme Court of the United States in the case of Davis v. Utah Territory, 151 U. S. 262, 14 Sup. Ct. 328, 38 L. Ed. 153. In the opinion delivered in that case by Mr. Justice Harlan it is said: "Other assignments of error present the objection that the indictment is so framed that it will not support a verdict of guilty of murder in

the first degree. This objection is based in part upon the theory that murder in the first degree and murder in the second degree are made distinct, separate offenses. But this is an erroneous interpretation of the statute. The crime defined is that of murder. The statute divides that crime into two classes, in order that the punishment may be adjusted with reference to the presence or absence of circumstances of aggravation. And therefore, 'whenever a crime is distinguished into degrees,' it is left to the jury, if they convict the defendant, to 'find the degree of the crime of which he is guilty.' 2 Comp. Laws Utah, p. 715, sec. 5076. If the defendant pleads guilty 'of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree.' Id., p. 721, sec. 5101. An indictment which clearly and distinctly alleges facts showing a murder by the unlawful killing of a human being with malice aforethought is good as an indictment for murder under the Utah statutes, although it may not indicate upon its face, in terms, the degree of that crime, and thereby the nature of the punishment that may be inflicted. Of course, if an indictment is so framed as to clearly show that the crime charged is not of the class designated as murder in the first degree, the jury could not find a verdict of guilty of murder in that degree. But, as already suggested, the pleader need not indicate the degree, but may restrict the averments to such facts as, in law, show a murder—that is to say, an unlawful killing with malice aforethought—leaving the ascertainment of the degree to the jury, or, in case of confession, to the court. As the acts which, under the Utah statutes, constitute murder, whether of the highest or lowest degree, constituted murder at common law, it is clear that an indictment good at common law as an indictment for murder, in whatever mode or under whatever circumstances of atrocity the crime may have been committed, is sufficient for any degree of the crime of murder under a statute relating to murder as defined at common law, and establishing degrees of that crime in order that

the punishment may be adapted to the special circumstances of each case." The information in the case at bar not only charges the killing to have been done with malice aforethought, but willfully, unlawfully, and intentionally, and that the defendant, in the manner and form alleged, unlawfully, willfully, intentionally, feloniously, and of his malice aforethought did kill and murder the said John Selman, contrary to the statute in such case made and provided. We entertain no doubt but that both at common law and under the statutes of this State the information is sufficient to support a verdict and sentence of murder in the first degree.

It is ordered that the judgment be reversed, and the case remanded for a new trial.

MINER, C. J., and BARTCH, J., concur.